[Civ. No. 19480. Third Dist. Oct. 22, 1980.]

SHARON K. KOSHMAN, Petitioner, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY,
Respondent;
JERRY A. KOSHMAN, Real Party in Interest.

COUNSEL

Garrett & Wood and Ann Taylor Garrett for Petitioner.

No appearance for Respondent.

Clarence D. Walters for Real Party in Interest.

OPINION

**PARAS, J.**—This is an original proceeding for a writ of mandate to compel the superior court to prevent discovery of medical records.

The facts are not in dispute. Petitioner (mother) was awarded custody of two minor children (born in 1976) after she and real party in interest (father) stipulated to an interlocutory judgment of dissolution in May 1978. Father obtained an order to show cause re modification of custody on February 1, 1979, and served a subpoena duces tecum on the custodian of records for Roseville Community Hospital on January 14, 1980. The subpoena sought delivery of mother's medical records for the period May to December 1979. Mother moved to quash the subpoena, invoking the physician-patient privilege. In a declaration filed in opposition to the motion, father asserted mother was hospitalized for treatment for an overdose of narcotics and thus the records were vital to determine whether or not she was fit to have custody of the children.[1]

The superior court denied the motion to quash and ordered the records delivered to the court "to determine if any of the information contained therein shall be released to the...[father] and/or Family Court Services."[2] Mother then petitioned this court and we issued an alternative writ of mandate.

Mother contends the court's ruling is void, unconstitutional, and an abuse of discretion, as no exception to the physician-patient privilege exists to justify it. Father contends the order adequately protects mother's privilege, if any, and the records are necessary to determine the issue of custody. He further contends mother waived any privilege by stating the reason for an April 1979 hospitalization (walking pneumonia) in response to a question asked her at a deposition on February 18, 1980. Although the waiver contention is arguably meritorious as to the April 1979 hospitalization, the deposition was not taken until three days after the hearing on the motion to quash. Thus the exchange father now cites[3] was not before the superior court and cannot support its ruling.

---

[1] The ultimate issue of course in custody disputes is the best interest of the child (Civ. Code, § 4600 subd. (b)), not parental fitness per se.

[2] Although we dispose of this case on the privilege issue, we note that this is an inappropriate order in any event. (Evid. Code, § 915; *Carlton* v. *Superior Court* (1968) 261 Cal.App.2d 282, 292-293 [67 Cal.Rptr. 568].)

[3] "Q.  Have you been hospitalized for any reason since May 22nd, 1978?
"A.  [Wife] Well, I can't remember which one.
"MS. GARRETT: Since '78.
"THE WITNESS: Since '78? Oh, yes, I have.
"Q.  MR. WALTERS: Can you tell me approximately when?
"A.  I believe it was in the latter part of April.
"Q.  Of '79?

■ Evidentiary privileges are statutory. (Evid. Code, § 911;[4] see Witkin, Cal. Evidence (2d ed., 1966) Witnesses, § 779, p. 724.) Code of Civil Procedure section 2016, subdivision (b) provides that matters privileged against disclosure at trial are privileged against disclosure through discovery procedures.

Section 994 provides: "Subject to section 912 and except as otherwise provided in this article, the patient...has a privilege to refuse to disclose, and to prevent another from disclosing, a confidential communication between patient and physician...." A confidential communication between patient and physician is defined in section 992 as "...information, including information obtained by an examination of the patient, transmitted between a patient and his physician in the course of that relationship and in confidence...and includes a diagnosis made and the advice given by the physician in the course of that relationship." The communications described in section 992 are presumptively confidential and the burden of proof is on the opponent (father in this case) to establish otherwise. (§ 917).

It will be noted that relevancy is not a criterion in the protection afforded by the statutes. Unless waived or subject to a statutory exception, the privilege applies. The rules of privilege are designed to protect personal relationships and other interests where public policy deems them more important than the need for evidence. (See Witkin, *supra*, at § 778, p. 724.) ■ There is no question but that the physician-patient privilege applies in custody disputes between parents. (*Newell v. Newell* (1956) 146 Cal.App.2d 166, 176-177 [303 P.2d 839] former Code Civ. Proc., § 1881, subd. 4, precludes evidence from a doctor as to the poor moral character of a mother's second husband when she petitions for modification of a custody award to a father.) Thus husband's assertion of the importance of the medical records to his motion for modification is irrelevant unless the section 996 exception to the privilege applies.

---

"A. Yes, last year. '79.
"Q. For what reason were you hospitalized?
"A. I had walking pneumonia.
"Q. Where were you hospitalized?
"A. Roseville Community Hospital."
[4]All statutory references are to the Evidence Code, unless otherwise indicated.

Section 996 provides: "There is no privilege under this article as to a communication relevant to an issue concerning the condition of the patient if such issue has been tendered by:

"(a)   The patient;

"(b)   Any party claiming through or under the patient;

"(c)   Any party claiming as a beneficiary of the patient through a contract to which the patient is or was a party; or

"(d)   The plaintiff in an action brought under Section 376 or 377 of the Code of Civil Procedure for damages for the injury or death of the patient."

We hold that the section 996 exception does not apply here. In the most frequent application of section 996, an action for damages for personal injuries, the issues are "tendered" by the plaintiff within the meaning of the section by plaintiff's factual allegations not by defendant's denial thereof which constitutes no more than a joinder of the issue. (*Carlton* v. *Superior Court* (1968) 261 Cal.App.2d 282, 289-290 [67 Cal.Rptr. 568].) The section 996 exception compels disclosure only in cases in which the patient's own action initiates the exposure. (*In re Lifschutz* (1970) 2 Cal.3d 415, 433 [85 Cal.Rptr. 829, 467 P.2d 557, 44 A.L.R.3d 1].) "'The whole purpose of the [physician-patient] privilege is to preclude the humiliation of the patient that might follow disclosure of his ailments. When the patient himself discloses those ailments by bringing an action in which they are in issue, there is no longer any reason for the privilege. The patient-litigant exception precludes one who has placed in issue his physical condition from invoking the privilege on the ground that disclosure of his condition would cause him humiliation. He cannot have his cake and eat it too.'" (*In re Lifschutz, supra*, 2 Cal.3d at p. 434, quoting *City & County of S.F.* v. *Superior Court* (1951) 37 Cal.2d 227, 232 [231 P.2d 26, 25 A.L.R.2d 1418].) Nothing the mother did here tendered her medical condition as an issue.

We do not mean to imply that the section 996 exception does not ever apply to custody disputes. Indeed there certainly are cases in which a patient/parent tenders the issue of his or her medical condition at a specific time by initiating an appropriate pleading; the exception does apply in such situations (see *Little* v. *Superior Court* (1968) 260 Cal.

App.2d 311 [67 Cal.Rptr. 77]), but that is not this case. Mother has not tendered the issue here, father has.[5]

Let a writ of mandate issue directing the trial court to vacate its order of March 13, 1980, and enter a new order granting petitioner's motion to quash service of the subpoena. The alternative writ, having served its function, is discharged.

Puglia, P. J., and Finney, J.,* concurred.

---

[5]Perhaps a further exception to the privilege in question should be considered by the Legislature. We can easily conceive of circumstances in which the best interests of the child in a custody quarrel are disserved by the privileges' existence; that may even possibly be the case here.

*Assigned by the Chairperson of the Judicial Council.